**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| RASHAWN JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>The VILLAGE OF DOLTON, a municipal corporation, Dolton Police Officers SANDY GARRETT, MARGARITO BRUNO, and DEREK GUESS, and Dolton Community Service Officer BRIAN THIGPEN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 19 CV 7388<br><br>Judge SEEGER<br><br>Magistrate Judge VALDEZ |

**<u>FIRST AMENDED COMPLAINT</u>**

Plaintiff, RASHAWN JOHNSON, by his attorneys, The HAMILTON LAW OFFICE, LLC, makes the following first amended complaint against Defendants the VILLAGE OF DOLTON ("Defendant Village"), Dolton Police Officers SANDY GARRETT, MARGARITO BRUNO, and DEREK GUESS, and Dolton Community Service Officer BRIAN THIGPEN ("Defendant OFFICERS"):

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois common law.
2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1434, and 1367.
3. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

**PARTIES**

4. Plaintiff is a 39 year-old resident of Dolton, Illinois. Plaintiff is a manager at a grocery store where he has worked for more than 25 years.

5. At all relevant times, Defendant OFFICERS are or were Dolton police officers and community service officers, employed by Defendant VILLAGE, acting under color of law and within the scope of their employment.

6. Defendant VILLAGE is a municipal corporation duly incorporated under the laws of the State of Illinois, and was at all relevant times the employer and principal of Defendant OFFICERS. Should Plaintiff prevail on his claims, Defendant VILLAGE is liable to Plaintiff as the principal on Plaintiff's state law claims pursuant to the doctrine of *respondeat superior*, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7. On February 6, 2019 Defendant OFFICERS provided false and/or misleading information to a Cook County judge in order to obtain an arrest warrant for Plaintiff.

8. Defendant OFFICERS represented to the judge that Plaintiff had sent Defendants GARRETT and THIGPEN a threatening email message.

9. Plaintiff never sent Defendants GARRETT and THIGPEN any threatening email.

10. Defendant OFFICERS did not have probable cause to believe that Plaintiff sent this email.

11. Nevertheless, on information and belief, Defendant OFFICERS reported false evidence to establish probable cause to believe that Plaintiff sent the threatening message.

12. Based on the false or misleading information Defendant OFFICERS provided to the judge, two arrest warrants were issued for Plaintiff.

13. On March 28, 2019, Plaintiff's wife received a call from someone claiming to be calling from the Illinois Department of Children and Family Services (DCFS).

14. The caller told Plaintiff's wife that the Dolton Police Department had a warrant for Plaintiff's arrest.

15. That same day, Plaintiff went to the Dolton Police Department to clear his name because he had done nothing wrong.

16. At the police station, Plaintiff learned that there were two warrants for his arrest for aggravated assault.

17. Plaintiff was arrested on March 28, 2019 on the two arrest warrants.

18. Defendant OFFICERS charged or caused Plaintiff to be charged with two counts of aggravated assault.

19. Plaintiff was detained at the Dolton police station.

20. Plaintiff was required to pay $1,500.00 to be released on bond.

21. Plaintiff also had to hire a criminal defense attorney to defend him against the false charges Defendant OFFICERS placed against him.

22. Plaintiff missed three days of work to appear in court on the false charges Defendant OFFICERS filed against him.

23. On July 17, 2019 the Cook County State's Attorney's Office dismissed all of the charges against Plaintiff.

**COUNT I**

(42 U.S.C. §1983, False Arrest)

24. Each of the foregoing paragraphs is incorporated as if fully restated here.

25. As described above, Defendant OFFICERS arrested Plaintiff, or caused him to be arrested, without probable cause or any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

26. One or more of the Defendant OFFICERS was aware of the misconduct of his fellow Defendant OFFICERS, had a reasonable opportunity to intervene to prevent it, but failed to do so.

27. As a direct and proximate result of this illegal arrest and failure to intervene, Plaintiff suffered a loss of liberty and other damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT II**
(Illinois Malicious Prosecution Claim)

28. Each of the foregoing paragraphs is incorporated as if fully restated here.
29. As described above, Defendant OFFICERS willfully, intentionally and recklessly initiated criminal proceedings against Plaintiff, or caused such proceedings to be initiated, and/or caused those proceedings to continue without probable cause to believe Plaintiff had committed any of the crimes charged.
30. Defendant OFFICERS created false and inaccurate police reports and other documents pertaining to the circumstances of Plaintiff's arrest, and provided false information to prosecutors handling Plaintiff's criminal case. This was done with malice and/or reckless indifference to Plaintiff's rights.
31. The criminal case against Plaintiff was terminated in his favor, in a manner indicative of his innocence.
32. As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate him for his damages, as well as such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

RASHAWN JOHNSON, Plaintiff

By: /s Torreya L. Hamilton
Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397